**Edward BROWN,**

v.

**R. SPADE, Captain of Guard.**

**Civ. A. No. 77–490.**

United States District Court, E. D. Pennsylvania.

Dec. 23, 1980.

George E. Rahn, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Margaret E. Anderson, Asst. Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Edward Brown, brought this section 1983 action against R. Spade, the captain of the guards at the State Correctional Institution at Graterford, Pennsylvania, for alleged violations of his due process rights in connection with a disciplinary hearing that took place on November 15, 1976, while the plaintiff was incarcerated at Graterford. The defendant was the chairman of the hearing panel. By stipulation, the parties waived their right to a jury trial and agreed to have a trial in front of Magistrate Leomporra, who was to file findings of fact and conclusions of law. The parties further stipulated that objections to any findings of fact and conclusions of law were to be filed in this Court, and that the findings of fact were to be accepted by this Court unless clearly erroneous. Magistrate Leomporra, after making findings of fact and conclusions of law, found for the defendant. The plaintiff has filed an exception to the Magistrate's findings and conclusions on the ground that there were no findings as to whether the plaintiff, at or about the time he received notice of the disciplinary hearing, received any oral or written notice of his right to call witnesses at the disciplinary hearing. The plaintiff contends that the failure to advise him of his right to call witnesses constitutes a denial of due process under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). For the reasons hereinafter set forth, we will enter an order dismissing the plaintiff's exception to the Magistrate's findings and conclusions, affirming said

findings and conclusions, and entering judgment in favor of the defendant.

Magistrate Leomporra found that a search of the plaintiff's cell was made by a guard on November 12, 1976, and that nine (9) items of alleged contraband were found in his cell. The plaintiff was charged with possession of contraband, and was given written notice of this charge on November 13, 1976. A disciplinary hearing in connection with this charge was held on November 15, 1976. The defendant was the chairman of the three member hearing panel. The plaintiff was asked at the hearing if he wished to have any witnesses appear before the panel, and the plaintiff replied that he had no witnesses. After the plaintiff explained the way in which each item alleged to be contraband came into his possession, the panel members unanimously determined that the plaintiff was guilty of the misconduct charged, and ordered that: (1) all of the contraband be confiscated; (2) the plaintiff pay $6.97 for a destroyed blanket; and (3) the plaintiff be confined to B Gallery, a section of the prison where confinement is more restrictive and privileges more limited than in other sections of the prison. The plaintiff signed a statement to the effect that he had been afforded an opportunity to present his version of the facts at the disciplinary hearing, that the disposition of the charges and disciplinary action to be taken had been explained to him, and that he had been advised of his right to appeal the decision of the hearing panel. The plaintiff did not appeal the decision of the hearing panel. The Magistrate concluded that the plaintiff's disciplinary hearing on November 15, 1976 conformed to the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and accordingly found for the defendant.

In *Wolff, supra*, the Supreme Court established the due process rights which must be afforded a prisoner in connection with a disciplinary hearing in which a prisoner faces a penalty of loss of good time or more restrictive confinement. Although the Magistrate did not make a finding that confinement in B Gallery is such a substantial deprivation of liberty that the plaintiff was entitled to all of the due process rights enumerated in *Wolff*, the parties and the Magistrate proceeded on the assumption that confinement in B Gallery required a hearing that complied with *Wolff*.

The *Wolff* Court held that a prisoner had the following rights in connection with such a hearing: (1) written notice of the charges against the prisoner must be given no less than twenty-four (24) hours before the hearing; (2) a written statement as to the evidence upon which the fact finder relied and the reasons for disciplinary action; (3) the opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (4) in certain instances, the aid of a fellow inmate or a member of the prison staff during the hearing. 94 S.Ct. at 2978-82.

As previously stated, the plaintiff's only exception was that the Magistrate did not make a specific finding as to whether the plaintiff received a notice of his right to call witnesses. The plaintiff contends that *Wolff* held that a prisoner has a due process right to be informed, in advance of a disciplinary hearing, that he may call witnesses. *Wolff*, however, does not appear to go that far. *Wolff* holds only that a prisoner must be given the opportunity to call witnesses, and does not hold that a prisoner is entitled to advance written or oral notice of this right.[1] As heretofore pointed out, Magistrate Leomporra found that the plaintiff was asked at the disciplinary hearing if there were any witnesses he wished to have appear before the panel, and he replied that he had no witnesses. The Magistrate also

---

1. The *Wolff* Court, in holding that a prisoner be afforded the opportunity to call witnesses, stated: "[W]e stop short of imposing a more demanding rule with respect to witnesses...." 94 S.Ct. at 2980. Even the dissenting opinions in *Wolff* do not contend that advance notice of the right to call witnesses is a requirement of due process, but rather contend only that the right to present witnesses should not be left to the unreviewable discretion of prison officials.

found that Captain Walker, the ranking correctional officer on duty, gave the plaintiff written notice of the charges against him more than twenty-four (24) hours prior to the hearing. Captain Walker testified that at the time the written notice of the charges was delivered, he advised the plaintiff of his right to request that witnesses be called and to have assistance during the hearing. Furthermore, Exhibit D1, entitled "Institutional Disciplinary and Restricted Housing Procedure," was admitted into evidence and, as to the right to call witnesses, provides:

> The inmate shall be permitted to call witnesses at the hearing. They shall be regulated by the Chairman of the Hearing Committee based on their relevance to the case. No inmate can be forced to be a witness against his will.

Each inmate received a copy of the exhibit and copies of it were placed on the bulletin boards at Graterford.

■ At trial, the plaintiff stated that he was not aware of his right to call witnesses and that his negative response at the disciplinary hearing meant that he had no witnesses to call because he had no time to call them. The Magistrate found that the plaintiff's explanation about calling witnesses was not convincing because two witnesses whom the plaintiff claimed would have corroborated his story gave testimony at the trial which incriminated rather than exculpated the plaintiff. The Court therefore concludes that the findings of Magistrate Leomporra were not clearly erroneous and that the plaintiff's due process rights were not violated in connection with his disciplinary hearing.

Although the prison authorities have distributed a document (Exhibit D1) which sets forth a prisoner's due process rights in accordance with *Wolff*, and although it appears to be the administrative practice to orally advise a prisoner in advance of a hearing that he may call witnesses in his defense, it would seem to be more in keeping with the spirit of *Wolff* to give a prisoner, prior to a hearing, notice in writing that he may call witnesses. This written notice

that a prisoner may call witnesses could be delivered to him at the time he is served with written notice of the charges against him. This practice has been adopted by some prisons. *Stringer v. Rowe*, 616 F.2d 993 (7th Cir. 1980) (per curiam); *Powell v. Ward*, 487 F.Supp. 917 (S.D.N.Y.1980).

■ A review of the record in this action also appears to require the conclusion that the defendant was entitled to a good faith immunity defense. In considering the two-step analysis set forth in *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), the record in this action is adequate to sustain a finding of good faith immunity as a matter of law. Our research has revealed no case as of this date holding that due process at a disciplinary hearing requires advance notice to a prisoner that he is allowed to call witnesses in his defense. In any event, such a claim was not "clearly established" at the time of the plaintiff's disciplinary hearing on November 15, 1976. Furthermore, there is nothing in the record indicating that the defendant acted with malicious intent to cause a deprivation of constitutional rights or other injury to the plaintiff. *Procunier, supra*. The record supports a finding that the defendant acted sincerely and with the belief that he was doing everything required by law.

An order will accordingly be entered dismissing the plaintiff's exception to the Magistrate's findings of fact and conclusions of law, affirming said findings and conclusions, and entering judgment in favor of the defendant, R. Spade, and against the plaintiff, Edward Brown.